1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   PETER DIXON,                          No. C-12-05207 DMR

12            Plaintiff,                    **ORDER GRANTING DEFENDANTS**
                                            **PERSONAL PROTECTIVE SERVICES,**
13        v.                                **INC. AND DEMONT MARROW'S**
                                            **MOTION TO SET ASIDE DEFAULT**
14   CITY OF OAKLAND, et al.

15            Defendants.
     _____/
16

17          Defendants Personal Protective Services, Inc. ("PPS") and Demont Marrow ("Marrow")

18   (collectively, "Defendants") move the court pursuant to  Federal Rules of Civil Procedure 55 and

19   60(b)[1] to set aside the default entered against them on January 29, 2013 [Docket No. 14].  This

20   matter is appropriate for determination without oral argument pursuant to Civil L.R. 7-1(b).   For the

21   reasons below, Defendants' motion is GRANTED.

22                          **I. Background and Procedural History**

23          Plaintiff Peter Dixon filed this case on October 9, 2012.  [Docket No. 1.]  He served the

24   Complaint and summons on PPS by substituted service on October 11, 2012 and by mail on October

25   17, 2012, and on Marrow by personal service on October 11, 2012.  Decl. of Michael Haddad

26   ("Haddad Decl.") [Docket No. 22] at ¶ 3.  An answer or responsive pleading was due from

27

28          [1] The court reaches its determination under Rule 55, and therefore declines to analyze the matter
     under Rule 60(b).

United States District Court

For the Northern District of California

1    Defendant PPS on November 13, 2012, and from Defendant Marrow on November 1, 2012. *Id.* at ¶

2    5.

3        Stan Teets, the President of PPS, explained that it is his custom and practice to "forward any

4    complaints to PPS's insurance broker, One Risk, within a week of receipt."  Decl. of Stan Teets

5    ("Teets Decl.") [Docket No. 16-1] at ¶ 3.  Upon receipt, One Riskthen forwards the complaint to

6    PPS's liability carrier, Everest National Insurance. *Id.*  Teets stated in his declaration: "I have no

7    reason to believe that my custom and practice were deviated from when the complaint in this matter

8    was received by Personal Protective Services, Inc." *Id.*  Teets confirmed that on November 9, 2012,

9    One Risk sent the Complaint to Everest National Insurance, requesting that it retain defense counsel

10   to defend both PPS and Marrow. *Id.* at ¶ 4.

11       On November 16, 2012, Fred Benjamin, a representative from One Risk, called Plaintiff's

12   counsel requesting an extension to file an answer on behalf of both Defendants.  Haddad Decl. at ¶

13   6.  Plaintiff's counsel granted the request and extended time for the answer to December 17, 2012.

14   *Id.*  On December 12, 2012, Plaintiff's counsel contacted Benjamin to request that he stipulate to

15   continuing the January 9, 2013 Case Management Conference. *Id.* at ¶ 7.  Benjamin agreed on the

16   condition that Defendants be granted another extension to file an answer.  The parties agreed to

17   extend that deadline until January 2, 2013. *Id.*  The January 2 deadline passed without Defendants

18   filing an answer or responsive pleading. *Id.* at ¶ 8.

19       On January 22, 2013, Plaintiff's counsel informed Benjamin that she intended to request

20   entry of default, and offered Defendants another extension of time to January 25, 2013, to file an

21   answer.  Teets Decl. at ¶ 6; Haddad Decl. at ¶ 8, Ex. C.  The same day, Benjamin retained the law

22   firm of Bremer, Whyte, Brown & O'Meara to represent Defendants in this lawsuit.  Decl. of Keith

23   G. Bremer ("Bremer Decl.") [Docket No. 16-2.] at ¶ 2.  Defendants' counsel claims that it "was not

24   made aware that an answer needed to be filed by January 25, 2013 or a request for entry of default

25   would be filed." *Id.*  Between January 22 and January 25, 2013, Defendants' counsel "work[ed] on

26   obtaining the necessary information to file an answer . . . ." *Id.* at ¶ 3.  As of Friday, January 25,

27   2013, Defendants had failed to appear or otherwise respond to the Complaint.  Haddad Decl. at ¶ 9.

28   Plaintiff filed a request for entry of default that day. *Id.*  The following Monday, January 28, 2013,

1    Defendants' counsel informed Plaintiff's counsel that it had been retained to represent Defendants.

2    Bremer Decl. at ¶ 3.  Later that day, Defendants' counsel learned that Plaintiff had already requested

3    entry of default.  *Id.*  The Clerk of Court entered default as to Defendants on January 29, 2013.

4    [Docket No. 14.]

5                                    **II.  Legal Standard**

6            Rule 55(c) of the Federal Rules of Civil Procedure permits the court to "set aside an entry of

7    default for good cause."  Fed. R. Civ. P. 55(c).  To determine whether a party has shown good cause,

8    the court must examine "(1) whether [the party seeking to set aside the default] engaged in culpable

9    conduct that led to the default; (2) whether [it] had [no] meritorious defense; [and] (3) whether

10   reopening the default judgment would prejudice any other party."  *United States v. Signed Personal*

11   *Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) [hereinafter *Mesle*]

12   (brackets in original) (quoting *Franchise Holding II v. Huntington Rests. Group, Inc.*, 375 F.3d 922,

13   925-26 (9th Cir. 2004)) (quotation marks omitted).  When performing this analysis, the court must

14   remember that "judgment by default is a drastic step appropriate only in extreme circumstances; a

15   case should, whenever possible, be decided on the merits."  *Id.* at 1091 (quoting *Falk v. Allen*, 739

16   F.2d 461, 463 (9th Cir. 1984)) (quotation marks omitted).

17                                    **III. Discussion**

18         **A. Culpable Conduct**

19          The court will consider a party's conduct culpable if it "has received actual or constructive

20   notice of the filing of the action and *intentionally* failed to answer."   *Mesle* at 1092 (citations and

21   quotation marks omitted) (emphasis in original).  In this context, "intentionally" means that the party

22   "must have acted with bad faith, such as an intention to take advantage of the opposing party,

23   interfere with judicial decisionmaking, or otherwise manipulate the legal process."  *Id.* (citation and

24   quotation marks omitted).  A party is culpable "where there is no explanation of the default

25   inconsistent with a devious, deliberate, willful, or bad faith failure to respond."  *Id.* (citation and

26   quotation marks omitted).  "When considering a legally sophisticated party's culpability in a default,

27   an understanding of the consequences of its actions may be assumed, and with it, intentionality."  *Id.*

28   at 1093.

United States District Court

For the Northern District of California

1    Defendants' insurance broker, One Risk, knew about the Complaint by at least November 9,

2 2012, the date that One Risk contacted PPS's liability carrier.  However, One Risk did not retain

3 counsel for Defendants until January 22, 2013, after it had entered into three separate agreements

4 with Plaintiff's counsel to extend the deadline for filing a responsive pleading.  It appears that

5 Defendants' insurance broker or insurer dropped the ball.  However, simple carelessness,

6 particularly by an insurer rather than a party, does not demonstrate culpable conduct.  *Mesle* at 1092

7 ("It is clear that simple carelessness is not sufficient to treat a negligent failure to reply as

8 inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh

9 heavily in favor of denial of the motion to set aside a default.").  None of the cases cited by Plaintiff

10 involve conduct by an *insurer* who fails to arrange for a timely response on a defendant's behalf.

11 All of the cases cited by Plaintiff in support of the argument that Defendants were legally

12 sophisticated parties whose failure to answer was intentional involve represented parties.  Opp. at 9-

13 10.  Here, Defendants did not have representation until January 22, 2013.  Moreover, there is no

14 evidence that Defendants' failure to respond to the Complaint was the result of intentional,

15 deliberate, manipulative, or bad faith conduct. The court therefore finds that Defendants did not

16 engage in culpable conduct that led to the entry of default against them.

17    **B.  A Meritorious Defense**

18    The moving party must "allege[] sufficient facts that, if true, would constitute a defense: the

19 question whether the factual allegation [i]s true is not to be determined by the court . . . ."  *Mesle*,

20 615 F.3d at 1094 (brackets in original) (citation and quotation marks omitted).  Although this

21 showing does not impose an "extraordinarily heavy" burden, *id.* (citation and quotation marks

22 omitted), the party may not rely on "mere general denial without facts to support it."  *Franchise*

23 *Holding II*, 375 F.3d at 926 (citation and quotation marks omitted).  Defendants have asserted that

24 they were acting in self-defense and with probable cause.  Mot. at 4; *see also* Declaration of

25 Monique R. Donovan [Docket No. 24-1] at Ex. 2 (incident report containing facts Defendants allege

26 support their affirmative defenses).  Accordingly, Defendants have established the existence of a

27 meritorious defense.

28    **C. Prejudice**

1    In order to establish prejudice, setting aside the default "must result in greater harm than

2   simply delaying resolution of the case."   *Mesle*, 375 F.3d at 1095 (citation and quotation marks

3   omitted).   In the present case, the court can discern no harm that will arise from setting aside the

4   default against Defendants.  Defendants filed this motion approximately two weeks after their last

5   deadline for filing an answer.  [Docket No. 16.]  The litigation is still at an early stage, and

6   permitting Defendants to file an answer or responsive pleading will not prejudice Plaintiff.

7   **IV. Conclusion**

8    For the reasons provided above, the court GRANTS the motion to set aside default judgment,

9   and deems the Answer submitted as Exhibit 1 to the Declaration of Monique R. Donovan [Docket

10   No. 24-1] filed as of the date of this Order.

11

12    IT IS SO ORDERED.

13

14   Dated:  March 25, 2013

15   _____

16   DONNA M. RYU
     United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28