MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN (State Bar No. 189268)
GINA ALTOMARE (State Bar No. 273099)
GENEVIEVE K. GUERTIN (State Bar No. 262479)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff
PETER DIXON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DIXON individually, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CITY OF OAKLAND and the ) <br> OAKLAND POLICE DEPARTMENT, ) <br> public entities, SERGEANT BERNARD ) <br> ORTIZ, OFFICER STEVEN TORIBIO, ) <br> OFFICER PATRICK GERRANS, ) <br> OFFICER ROBERT GERRANS, ) <br> OFFICER R. GARCIA, PERSONAL ) <br> PROTECTIVE SERVICES, INC., a ) <br> California corporation, DEMONT ) <br> MARROW, STANLEY TEETS, ) <br> MEREDITH WILSON, RENE GARCIA, ) <br> LADALE SLOCUM  and DOES 5 ) <br> through 10, individually, jointly and ) <br> severally, ) <br> ) <br> Defendants. | Case No. C12-5207 DMR <br><br> **AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND** |

1   Plaintiff, by and through his attorneys, HADDAD & SHERWIN, for his Amended

2   Complaint against Defendants, states as follows:

3   **JURISDICTION**

4   1.      This is a civil rights action arising from Defendants' unreasonable seizure of and

5   use of excessive force against Plaintiff PETER DIXON ("DIXON"), on or about December 9,

6   2011, in the CITY OF OAKLAND, COUNTY OF ALAMEDA, California.  This action is brought

7   pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United

8   States Constitution.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and

9   the aforementioned statutory and constitutional provisions.  The amount in controversy, excluding

10  interest and costs, exceeds the minimum jurisdictional limit of this Court.  Plaintiff further invokes

11  the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims

12  arising under state law.

13

14  **INTRADISTRICT ASSIGNMENT**

15  2.      A substantial part of the events and/or omissions complained of herein occurred in

16  the CITY OF OAKLAND, COUNTY OF ALAMEDA, California, and this action is properly

17  assigned to the San Francisco or Oakland Divisions of the United States District Court for the

18  Northern District of California.

19

20  **PARTIES AND PROCEDURE**

21  3.      Plaintiff PETER DIXON is a resident of the STATE OF CALIFORNIA.  At the

22  time of this incident, Plaintiff was employed full-time as a Utility Worker by the San Francisco

23  Bay Area Rapid Transit District and also held a part-time landscaping job. Plaintiff is an African-

24  American man.

25

26

27

28

AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND                                    2

4.      Defendant CITY OF OAKLAND is a public entity established and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the OAKLAND POLICE DEPARTMENT ("OPD"), and employs and/or is responsible for the Defendant OPD officers in this action.

5.      Defendant OPD is, and at all times herein mentioned was, a municipal entity in the COUNTY OF ALAMEDA in the State of California, and is wholly owned and operated by Defendant CITY OF OAKLAND.

6.      Defendant SERGEANT BERNARD ORTIZ ("ORTIZ") at all material times was employed as a police officer by Defendants CITY OF OAKLAND and OPD and was acting within the course and scope of that employment.

7.      Defendant OFFICER STEVEN TORIBIO ("TORIBIO") at all material times was employed as a police officer by Defendants CITY OF OAKLAND and OPD and was acting within the course and scope of that employment.

8.      Defendant OFFICER PATRICK GERRANS ("P. GERRANS") at all material times was employed as a police officer by Defendants CITY OF OAKLAND and OPD and was acting within the course and scope of that employment.

9.      Defendant OFFICER ROBERT GERRANS ("R. GERRANS") at all material times was employed as a police officer by Defendants CITY OF OAKLAND and OPD and was acting within the course and scope of that employment.

10.     Defendant OFFICER R. GARCIA ("GARCIA") at all material times was employed as a police officer by Defendants CITY OF OAKLAND and OPD and was acting within the course and scope of that employment.

11.      Defendant PERSONAL PROTECTIVE SERVICES, INC. ("PPS") at all material times was a California corporation licensed to do business in California.  On information and belief, PPS at all material times provided private security guard services in or near the Acorn Redevelopment Area (also known as Acorn Projects) and employed and/or was responsible for Defendants DEMONT MARROW and Defendant DOE security guards.

12.      On information and belief, Defendant DEMONT MARROW ("MARROW") at all material times was employed as a security guard by Defendant PPS, was acting within the course and scope of that employment, and supervised Defendants WILSON, GARCIA, SLOCUM and/or DOES 5-10 in their employment with Defendant PPS.

13.      On information and belief, Defendant STANLEY TEETS ("TEETS") at all material times was employed as President and managing agent, and as a security guard by Defendant PPS, was acting within the course and scope of that employment, and supervised Defendants MARROW, WILSON, GARCIA, SLOCUM and/or DOES 5-10 in their employment with Defendant PPS.

14.      On information and belief, Defendant MEREDITH WILSON ("WILSON") at all material times was employed as a security guard by Defendant PPS and was acting within the course and scope of that employment.

15.      On information and belief, Defendant RENE GARCIA ("RENE GARCIA") at all material times was employed as a security guard by Defendant PPS and was acting within the course and scope of that employment.

16.      On information and belief, Defendant LADALE SLOCUM ("SLOCUM") at all material times was employed as a security guard by Defendant PPS and was acting within the course and scope of that employment.

17.     The true names and capacities of Defendants sued herein as DOES 5-10 ("DOE Defendants" or "DOES") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained.  At all material times, each DOE Defendant was an employee/agent of the CITY OF OAKLAND and the OPD, or an employee/agent of PPS, and acted within the course and scope of that relationship.

18.     Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described and proximately caused injuries and damages to Plaintiff. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants and other DOE Defendants.

19.     Plaintiff is informed and believes and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.  Plaintiff is further informed and believes and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

20.     At all material times, each Defendant was an integral participant in the events described herein and was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

21.     At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

22.     The acts and omissions of Defendants ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, GARCIA, and DOES 5-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices, and procedures of the CITY OF OAKLAND and the OPD.

23.     This complaint may be pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d).

## GENERAL ALLEGATIONS

24.     Plaintiff realleges each and every paragraph of this complaint as if fully set forth here.

25.     On or about December 9, 2011, just after 5:00 p.m., Plaintiff went for a run in his West Oakland neighborhood.  Plaintiff wore jogging clothes, including a dark blue hooded sweatshirt and dark blue sweatpants, and carried his iPod in his right hand.

26.     As Plaintiff ran by the Acorn Projects located near approximately 1143 10th Street in West Oakland, what appeared to be two older unmarked police cars pulled up to him, one from the front and one from behind, to box him in.

27.     A large man in blue clothing, on information and belief Defendant MARROW, exited one of the cars and demanded that Plaintiff "Come here."  This Defendant did not identify himself to Plaintiff, and Plaintiff did not know who he was.

28.     Approximately two to three other men, on information and belief Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards, exited the unmarked police cars and stood around Plaintiff.  None of these Defendants identified himself to Plaintiff, and Plaintiff did not know who these men were.

29.     The first man who approached Plaintiff, on information and belief Defendant MARROW, said that something had happened and kept insisting that Plaintiff come over to him.

Plaintiff told this Defendant, "I don't know you," and informed the man that nothing had happened with him.  This Defendant asked Plaintiff why he was running and asserted that he had observed Plaintiff throw some drugs down.  Plaintiff informed this Defendant that he had not thrown anything and that he was simply out jogging.  Plaintiff also informed this Defendant that he lived just up the street and gave this Defendant his address.

30.     On information and belief, Defendant MARROW approached Plaintiff and shoved him with a great deal of force, sending Plaintiff reeling backwards into a fence along the sidewalk. Defendant MARROW and the two to three Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards converged on Plaintiff in a threatening manner. Defendants' actions caused Plaintiff to fear for his safety.

31.     Plaintiff rebounded from the fence and pushed his attacker, on information and belief Defendant MARROW, into the side of a car with his right shoulder.  Plaintiff still did not know who these three to four Defendants were or why they had accosted him.

32.     After Plaintiff pushed the first man, on information and belief Defendant MARROW, into the car, the two to three Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards grabbed Plaintiff's arms from behind and started pulling Plaintiff's arms.

33.      Then, these two to three Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards began to push and punch Plaintiff from behind.  These two to three Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards began forcefully twisting and pulling Plaintiff's left arm, and a security guard, on information and belief Defendant MARROW, who had supervisorial authority over Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards, said, "Just

break his arm."  The two to three Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards continued to wrench Plaintiff's left arm and wrist, and one of them forcefully pushed Plaintiff's head into the car.  All this time, Plaintiff was still holding his iPod in his right hand.

34.     The two to three Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards eventually handcuffed Plaintiff, applying the handcuffs so tightly that they broke Plaintiff's skin.

35.     After the Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards handcuffed Plaintiff, they lifted him up, searched him, and forced him into the back of a car.

36.     On information and belief, a fifth man, Defendant TEETS witnessed the brutal use of unjustified and unnecessary force against Plaintiff by his employees, but did nothing to intervene, despite his authority over Defendant security guards MARROW, SLOCUM, WILSON, RENE GARCIA and/or DOE security guards.

37.     At this time, this fifth man, on information and belief Defendant TEETS, approached the car where Plaintiff was being held captive.  This Defendant, on information and belief Defendant TEETS, did not identify himself to Plaintiff, and Plaintiff did not know who this man was.  On information and belief, Defendant TEETS accused Plaintiff of getting drugs from a woman on the corner and then running to "ditch" the drugs.  Plaintiff does not use drugs, is not involved with drugs in any way, and never talked to any woman on the corner.

38.     At this point, Defendants MARROW and Defendant security guards SLOCUM, WILSON, RENE GARCIA and/or DOE security guards were talking on handheld transceivers (informally known as "walkie-talkies").  Plaintiff heard these Defendants first discuss how they

were going to allege that Plaintiff had engaged in domestic violence with the woman on the corner and then seem to settle on allegations about drugs.

39.    While Plaintiff was in the car, Defendant security guards TEETS, MARROW, SLOCUM, WILSON, RENE GARCIA and/or DOE security guards attempted to interrogate him. These Defendants still had not identified themselves, and Plaintiff still did not know who these men were or why they had attacked, beaten, handcuffed, and imprisoned him.  Plaintiff refused to give these Defendants any information and insisted that they call the police.

40.    On information and belief, Defendant security guards TEETS, MARROW, SLOCUM, WILSON, RENE GARCIA and/or DOE security guards called the Oakland Police. Approximately thirty minutes later, Defendant OPD Officers TORIBIO, P. GERRANS, and RENE GARCIA arrived.  Plaintiff was still handcuffed in the Defendant security guards' car.

41.    At Plaintiff's request, Defendant TORIBIO asked his sergeant to come to the scene, and Defendant Sergeant ORTIZ responded to the scene along with Defendant Officer R. GERRANS.

42.    Plaintiff gave Defendant ORTIZ his name, address, and telephone number.  On information and belief, Defendant OPD officers conducted a file check of Plaintiff and learned that he had no wants or warrants.

43.    At the direction of Defendant ORTIZ, Defendant OPD officers informed Plaintiff that they were placing him under citizen's arrest.

44.    Plaintiff repeatedly told the Defendant officers, "I'm hurt," and tried to explain to them that he had not done anything wrong.  One of the Defendant officers replied something to the effect of, "Instead of taking you to Santa Rita, we'll just take you home and give you a ticket."

45.     Defendant OPD officers removed Plaintiff from the Defendant security guards' car. Though Plaintiff was injured, Defendant OPD officers did not remove the Defendant security guards' handcuffs from Plaintiff's cut and swollen wrists.

46.     Defendant Officers TORIBIO, R. GERRANS, and GARCIA placed Plaintiff, still wearing the Defendant security guards' handcuffs, in the back of their police car.  Plaintiff's wrist was obviously swollen and injured, including from the excessively tight handcuffs.  Defendants did not make any attempt to determine the nature of Plaintiff's injuries or to loosen the handcuffs. Defendants drove Plaintiff to his residence, which was approximately two or three blocks from the scene.

47.     A Defendant OPD officer told Plaintiff something like, "We don't know what happened, but we weren't involved. We are going to issue a citation."

48.     Defendant TORIBIO issued Plaintiff a citation for allegedly violating California Penal Code § 242, a misdemeanor battery on one of the Defendant security guards, on information and belief Defendant MARROW.

49.     Defendant Officers TORIBIO, R. GERRANS, and GARCIA let Plaintiff out of their police car and, with much difficulty, removed the Defendant security guards' handcuffs.  By this time, Plaintiff's left wrist was extremely swollen.

50.     Within an hour of being released from police custody, Plaintiff went to the emergency room for severe pain in his left shoulder and left wrist.

51.     At the time of this incident, Plaintiff had committed no crime and at all material times behaved peacefully and lawfully.  Plaintiff had not battered anyone.

52.     Defendants CITY OF OAKLAND, OPD, and OPD officers permitted Defendant security guards TEETS, MARROW, SLOCUM, WILSON, RENE GARCIA and/or DOE security guards to batter, use excessive force against, and wrongfully arrest Plaintiff without justification.

53.     The force used and/or permitted by Defendants, including but not limited to shoving Plaintiff, forcing Plaintiff's head into a car, punching Plaintiff, twisting and wrenching Plaintiff's arm and wrist, and using/permitting the use of excessively tight handcuffs on Plaintiff, was unjustified and objectively unreasonable under the circumstances.

54.     Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants decided to use force against Plaintiff and caused an escalation of events leading to their use of force against and injury to Plaintiff.

55.     Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right, lasted an excessive amount of time, and was conducted unreasonably.

56.     Defendants arrested Plaintiff based on a purported citizen's arrest when Defendants lacked probable cause and other legal authority to arrest Plaintiff.

57.     Defendants ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, and GARCIA effectuated Defendant security guards TEETS, MARROW, SLOCUM, WILSON, RENE GARCIA and/or DOE security guards' citizen's arrest of Plaintiff without conducting any independent investigation of this incident and failed to establish independent probable cause to effectuate the citizen's arrest.

58.     Defendants, wrongfully and without probable cause, cited Plaintiff for violation of Penal Code § 242.  The District Attorney declined to file any charges against Plaintiff.

59.     At all material times, and alternatively, the actions and omissions of each Defendant were intentional, wanton, and/or willful, conscience-shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

60.     Defendants caused Plaintiff severe physical injuries, including but not limited to transverse ulnar styloid and triquetrum fractures of his left wrist, sprained left hand and thumb, left rotator cuff injury, and adhesive capsulitis of the left shoulder.  Plaintiff continues to experience significant pain and suffering for these injuries.

61.     Since this incident, Plaintiff has required continuing medical treatment for his injuries caused by Defendants and has incurred substantial medical bills.  For a substantial time, Plaintiff was disabled from working at his full-time job with the Bay Area Rapid Transit District and at his part-time landscaping job.

62.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

> a.     Severe injuries requiring medical treatment, including but not limited to disabling injuries to his left wrist, left hand and thumb, and left shoulder;
>
> b.     Pain and suffering, including emotional distress;
>
> c.     Medical expenses;
>
> d.     Lost earnings and disability;
>
> e.     Costs of criminal defense;
>
> f.     Wrongful seizure and imprisonment;
>
> g.     Violation of constitutional rights;
>
> h.     All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

63.     Plaintiff filed a timely claim with Defendant CITY OF OAKLAND pursuant to California Government Code §§ 910 et seq. on February 24, 2012.  Defendant CITY OF OAKLAND rejected that claim on April 11, 2012.

**COUNT ONE**
**– 42 U.S.C. § 1983 –**
**DEFENDANTS ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, GARCIA,**
**AND DOES 5-10**

64.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

65.     By the actions and omissions described above, Defendants ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, GARCIA, and DOES 5-10 violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

      a.     The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments; and

      b.     The right to be free from arrest without probable cause as secured by the Fourth and Fourteenth Amendments.

66.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth above at paragraph 57.

67.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

68.     The conduct of Defendants ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, GARCIA, and DOES 5-10 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

69.     Plaintiff is also entitled to reasonable costs and attorney fees under 42 U.S.C. §1988 and applicable California codes and law.

**COUNT TWO**
**– 42 U.S.C. § 1983 – Supervisory and Municipal Liability**
**DEFENDANTS CITY OF OAKLAND, OAKLAND POLICE DEPARTMENT, AND DOES 5-10**

70.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

71.     On information and belief, the unconstitutional actions and/or omissions of Defendants ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, GARCIA, and DOES 5-10, as well as other officers employed by or acting on behalf of Defendants CITY OF OAKLAND and OPD, were pursuant to the following customs, policies, practices, and/or procedures of the OPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the CITY OF OAKLAND and the OPD:

a.      To use or tolerate the use of excessive and/or unjustified force, including but not limited to permitting security guards to batter a person and use excessively tight handcuffs during the seizure of a person;

b.      To engage in or tolerate unreasonable seizures and arrests without probable cause, including unlawful citizen's arrests;

c.      To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning subparagraphs (a)-(b), above;

d.      To cover up violations of constitutional rights by any or all of the following:

i.      by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures and/or excessive force;

ii.     by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

iii.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias, and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct by withholding and/or concealing material information;

AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND                                   15

e.      To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and

f.      To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code §§ 910 et seq.

72.      Defendants CITY OF OAKLAND, OPD, and DOES 5-10 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, GARCIA, and DOES 5-10, and other law enforcement personnel, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

73.      The unconstitutional actions and/or omissions of Defendants ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, GARCIA, and DOES 5-10, and other law enforcement personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the OPD. Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the CITY OF OAKLAND and the OPD and that such policymakers have direct knowledge of the facts of this incident.  Notwithstanding this knowledge, the authorized policymakers within the CITY OF OAKLAND and the OPD have approved the conduct of Defendants ORTIZ, TORIBIO, P. GERRANS, R. GERRANS, GARCIA, and DOES 5-10, and other law enforcement personnel, and have made the deliberate choice to endorse the decisions of those Defendant officers and the bases for those decisions.  By so doing, the authorized policymakers within the CITY OF OAKLAND and the OPD have shown affirmative agreement with the individual Defendant officers' actions and have ratified the individual Defendant officers' unconstitutional acts.

74.     The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by Defendants CITY OF OAKLAND, OPD, and DOES 5-10 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth above in paragraph 60.

75.     Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions

76.     As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants CITY OF OAKLAND, OPD, and DOES 5-10, as described above, Plaintiff sustained serious injuries and is entitled to damages, penalties, costs, and attorney fees as set forth above at paragraphs 61-64, as well as punitive damages against DOES 5-10 in their individual capacities.  Plaintiff does not seek punitive damages against Defendant public and/or municipal entities.

## COUNT THREE
## – VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 –
## <u>ALL DEFENDANTS</u>

77.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

78.     By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, and with threats, intimidation, or coercion, violated Plaintiff's rights under California Civil Code §52.1 and the following clearly established rights:

       a.    The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments to the U.S. Constitution;

       b.    The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

       c.    The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

       d.    The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

79.     By their acts and omissions, customs, and policies, Defendants PPS, TEETS, MARROW, WILSON, SLOCUM, RENE GARCIA and DOE security guards, acting in concert/conspiracy, as described above, also violated Plaintiff's rights under California Civil Code §52.1 and the following additional clearly established rights under the United States Constitution and California Constitution:

       a.    The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments to the U.S. Constitution andby the California Constitution, Article 1, Section13.

80.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages and is entitled to relief as set forth above at paragraphs

61-64, as well as all damages allowed by California Civil Code §§ 52, 52.1, and California law,

including but not limited to costs, attorney fees, treble damages, and civil penalties.

## COUNT FOUR
## – NEGLIGENCE; PERSONAL INJURIES –
## ALL DEFENDANTS

81.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth

here.

82.     At all times, each Defendant owed Plaintiff the duty to act with due care in the

execution and enforcement of any right, law, or legal obligation.

83.     At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

84.     These general duties of reasonable care and due care owed to Plaintiff by all

Defendants include but are not limited to the following specific obligations:

      a.     To refrain from using, or permitting the use of, excessive and/or
             unreasonable force against Plaintiff;

      b.     To refrain from wrongfully arresting and/or detaining Plaintiff;

      c.     To use generally accepted police procedures and tactics that are reasonable
             and necessary under the circumstances;

      d.     To refrain from abusing their authority granted them by law;

      e.     To refrain from violating Plaintiff's rights guaranteed by the United States
             and California Constitutions, as set forth above, and as otherwise protected
             by law.

85.     Additionally, these general duties of reasonable care and due care owed to Plaintiff

by Defendants CITY OF OAKLAND, OPD, PPS, and DOES 5-10 include but are not limited to

the following specific obligations:

      a.     To properly and adequately hire, investigate, train, supervise, monitor, and
             discipline their employees, agents, security guards, and/or OPD officers to
             ensure that those employees/agents/officers act at all times in the public
             interest and in conformance with law;

b.     To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's; and

c.     To refrain from making, enforcing, and/or tolerating the wrongful policies, procedures, and customs set forth above at paragraph 66.

86.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

87.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at paragraphs 61-64.

**COUNT FIVE**
**– ASSAULT AND BATTERY –**
**DEFENDANTS PPS, TEETS, MARROW, WILSON, SLOCUM, RENE GARCIA AND DOE SECURITY GUARDS**

88.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

89.     The actions and omissions of Defendants PPS, TEETS, MARROW, WILSON, SLOCUM, RENE GARCIA and DOE security guards as set forth above constitute assault and battery.

90.     As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages and is entitled to relief as set forth above at paragraphs 61-64.

**COUNT SIX**
**– FALSE ARREST AND IMPRISONMENT –**
**DEFENDANTS PPS, TEETS, MARROW, WILSON, SLOCUM, RENE GARCIA AND DOES 5-10**

91.     Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

92.     At no time during the events described above, and at all other pertinent times, did Defendants have a warrant for the arrest of Plaintiff, nor did Defendants have any facts or information that constituted probable cause that Plaintiff had committed or attempted to commit a crime.

93.     Defendants, and each of them, intentionally and unlawfully exercised force to restrain, detain, and confine Plaintiff, putting restraint on Plaintiff's freedom of movement, and compelled Plaintiff to remain and/or move against his will.

94.     Defendants authorized, directed, and assisted in procuring, without process, Plaintiff's unlawful arrest.

95.     Defendants knowingly made false statements to the police with the intent to induce Plaintiff's arrest and for the purpose of imposing restraint, detention, and confinement on Plaintiff and/or with knowledge that restraint, detention, and confinement would, to a substantial certainty, result from their accusations.

96.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages and is entitled to relief as set forth above at paragraphs 61-64.


WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1.      Compensatory and exemplary damages in an amount according to proof and which is fair, just, and reasonable;

2.      Punitive damages under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable;

3.      All other damages, treble damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Civil Code §§ 52 et seq. and

52.1; California Code of Civil Procedure § 1021.5; and as otherwise may allowed by California and/or federal law;

4.  Injunctive relief, including but not limited to the following:

    a.  An order prohibiting Defendants and their police officers and security guards from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

    b.  An order requiring Defendants to institute and enforce appropriate and lawful policies, procedures, and supervision concerning detentions/arrests, citizen's arrests, and the use of force;

    c.  An order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

    d.  An order requiring Defendants to train all OPD officers concerning this Court's orders in this matter, including the issues raised in injunctive relief requests (a)-(c) above;

5.  Such other and further relief as supported by the evidence in this case and as this Court and/or the jury may deem appropriate.

Dated: June 17, 2013            HADDAD & SHERWIN

                           /s/ Michael J. Haddad

                           MICHAEL J. HADDAD
                           Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury.

Dated: June 17, 2013            HADDAD & SHERWIN

                           /s/ Michael J. Haddad

                           MICHAEL J. HADDAD
                           Attorneys for Plaintiff

AMENDED COMPLAINT FOR DAMAGES AND JURY DEMAND         22